## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

VIETNAM VETERANS OF AMERICA, et al.,

              Plaintiffs,

      v.

DEPARTMENT OF DEFENSE,

              Defendant.

Case No. 3:17-cv-01660-AWT

DECEMBER 8, 2017

## <u>ANSWER</u>

Defendant, the United States Department of Defense ("DOD"), by and through counsel, respond to Plaintiffs' Complaint in the above-captioned case as follows:

All allegations not specifically admitted in the Answer are denied.

The first six unnumbered paragraphs of Plaintiffs' complaint contains Plaintiffs' description of the background of this action and contain no allegations setting forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent a response is deemed necessary, the paragraphs are denied.

In response to the numbered paragraphs of the Complaint, Defendant admits, denies, and otherwise responds as follows:

### JURISDICTION AND VENUE

1. Paragraph 1 contains conclusions of law regarding jurisdiction, to which no response is required.

2. Paragraph 2 contains conclusions of law regarding venue, to which no response is required.

### PARTIES

3. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. Admit.

## STATEMENT OF FACTS

7-34. The allegations in these paragraphs consist of irrelevant factual assertions, to which no response is required. The allegations in these paragraphs also do not set forth a claim for relief or aver facts in support of a claim, to which an answer is required.

## FOIA REQUESTS: PLAINTIFF ANTHONY MALONI

35. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 concerning the motivation of Plaintiff Anthony Maloni.  The remaining allegations in paragraph 35 are Plaintiffs' characterization of the content of Exhibits A through D to the Complaint.  Exhibits A through D are the best evidence of their content and to the extent the content contradicts Plaintiffs' characterization the allegations of paragraph 35 are denied. Defendant denies it received the documents attached to the complaint as Exhibits B and C.

36. The allegations in paragraph 36 are Plaintiffs' characterization of the content of Exhibits A through D to the Complaint.  Exhibits A through D are the best evidence of their content and to the extent the content contradicts Plaintiffs' characterization the allegations of paragraph 36 are denied.

37. The allegations in paragraph 37 are Plaintiffs' further characterization of the content of Exhibits A through D to the Complaint. Exhibits A through D are the best evidence of their content and to the extent the content contradicts Plaintiffs' characterization the allegations of paragraph 37 are denied.  Defendant is without knowledge sufficient to form a belief as to the truth of the allegations regarding to whom Mr. Maloni submitted letters; Defendant denies it received the documents attached to the complaint as Exhibits B and C.

38. The allegations in paragraph 38 are Plaintiffs' further characterization of the content of Exhibit A to the Complaint. Exhibit A is the best evidence of their content and to the extent the content contradicts Plaintiffs' characterization the allegations of paragraph 38 are denied. DoD admits that DTRA received Plaintiff's request, assigned it FOIA case number 07-036, and provided an interim response on March 28, 2017, attached as Exhibit E of Plaintiffs' complaint. The last sentence of paragraph 38 is a legal conclusion, to which no response is required.

39. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. Admit.

41. Defendant received the request to DTRA, attached as Exhibit A of the Complaint. Defendant denies it received the requests alleged in paragraph 37, dated March 2, 2017, submitted to the Surgeon General of the Air Force Medical Support Agency ("AFMSA") and the USAF Center for Radiation Dosimetry ("AFCRD"), copies of which are attached to the complaint as Exhibits B and C.  Defendant admits it received the request alleged in paragraph 37 to have been submitted to Air Force Headquarters ("AFHQ"), dated March 20, 2017, a copy of which is attached to the complaint as exhibit D.

42. Paragraph 42 contains conclusions of law, to which no response is required.

43. Paragraph 43 contains conclusions of law, to which no response is required.

**FOIA REQUESTS: PLAINTIFFS VVA AND VVA-CT**

44. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44 concerning the motivation of Plaintiffs VVA and VVA-CT. Defendant admits the documents attached to the Complaint as Exhibits F-H appear to be FOIA requests dated June 13, 2017, addressed to multiple agencies within DoD.

45. The allegations in paragraph 45 are Plaintiffs' characterization of the content of Exhibits F through H to the Complaint.  Exhibits F through H are the best evidence of their content and to the extent the content contradicts Plaintiffs' characterization the allegations of paragraph 45 are denied.

46. The allegations in paragraph 46 are Plaintiffs' further characterization of the content of Exhibits F through H to the Complaint.  Exhibits F through H are the best evidence of their content and to the extent the content contradicts Plaintiffs' characterization the allegations of paragraph 46 are denied.

47. Defendant denies it received the requests alleged in paragraph 46 to have been submitted to AFCRD and to AFHQ, copies of which are attached to the complaint as exhibits G and H.

48. Defendant admits that it has not communicated with Plaintiffs or Plaintiffs' counsel concerning the requests alleged in paragraph 46 to have been submitted to DTRA, AFCRD, and AFHQ, copies of which are attached to the complaint as exhibits F through H.  Again, Air Force did not receive Exhibits G or H.

49. Paragraph 49 contains conclusions of law, to which no response is required.

50. Paragraph 50 contains conclusions of law, to which no response is required.

## CLAIM FOR RELIEF

51. Defendants incorporate their responses to paragraphs 1 through 50 by reference.

52. Paragraph 52 contains conclusions of law, to which no response is required.

53. Paragraph 53 contains conclusions of law, to which no response is required.

54. Paragraph 54 contains conclusions of law, to which no response is required.

## REQUESTED RELIEF

The final section of the Complaint, under the heading "Requested Relief," contains six

subparagraphs designated "1)" through "6)" in which the plaintiff demands relief and, therefore,

no response is required, but to the extent that any response is required, defendants deny that

plaintiff is entitled to any relief.


## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted.  See Fed. R. Civ.

P. 12(b)(6).

## SECOND DEFENSE

Plaintiffs are not entitled to compel production of records exempt from disclosure by one

or more exemptions of the Freedom of Information Act, 5 U.S.C. 552 ("FOIA").

## THIRD DEFENSE

Plaintiffs have failed to describe the requested records with sufficient particularity as

required by the FOIA.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

_/s/ Natalie N. Elicker_
Natalie N. Elicker, ct28458
Assistant United States Attorney
157 Church Street
New Haven, CT 06510
Telephone: (203) 821-3700
Fax: (203) 773-5373
Email: Natalie.Elicker@usdoj.gov